## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMICA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 22-cv-2148 |
| v. | ) |
| | ) The Hon. Judge |
| KAREN YARBROUGH, in her official capacity | ) |
| as COOK COUNTY CLERK and in her individual | ) Magistrate Judge |
| capacity, and the COUNTY OF COOK, ILLINOIS, | ) |
| as indemnitor, | ) |
| | ) **JURY DEMANDED** |
| Defendants. | ) |

## COMPLAINT

JAMICA DAVIS ("Plaintiff" or "Davis"), by and through her undersigned counsel, Cass

Thomas Casper, Esq., DISPARTI LAW GROUP, P.A., complains as follows against Defendants

KAREN YARBROUGH ("Yarbrough"), in her official capacity as Cook County Clerk and in

her individual capacity, and the COUNTY OF COOK, ILLINOIS ("County") as indemnitor

(collectively, hereinafter, "Defendants").

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and pursuant to the

Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, as amended ("FMLA").

2.  Venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to

the claims herein have occurred in this judicial district, and because Defendants maintain places

of operation within this judicial district.

## PARTIES

3.  Plaintiff Davis is a legal adult and a resident of Illinois formerly employed as a Special

Assistant to the Cook County Clerk with the office of the Cook County Clerk ("Clerk").

4.   Defendant Yarbrough is the duly-elected Cook County Clerk and is sued in her official and individual capacities.

5.   Defendant Yarbrough is an employer within the meaning of the FMLA in that her office is engaged in an industry affecting commerce and employs 50 or more employees within each working day in 20 or more calendar workweeks in at least 2020 and 2021.

6.   Defendant Yarbrough is a person acting in the interest of the Cook County Clerk's Office with respect to its employees.

7.   Defendant Cook County, Illinois is a unit of local government with indemnification obligations for wrongful acts committed by its officials, such as Yarbrough. *See* 745 ILCS § 10/1-202 and § 9-102. It is sued in its capacity as indemnitor only.

## FACTS COMMON TO ALL COUNTS

8.   At all times relevant, Plaintiff was employed by Defendant as a Special Assistant to the Cook County Clerk for Government Affairs ("Special Assistant") between in or about 2019 when Defendant Yarbrough won election as Cook County Clerk, up through Plaintiff's termination on October 26, 2021.

9.   Plaintiff's job duties as Special Assistant included, but were not limited to, tracking and updating Clerk Yarbrough's schedule and calendar, serving as liaison between Cook County officials and Clerk Yarbrough, going to meetings on Clerk Yarbrough's behalf, performing administrative duties for Clerk Yarbrough as needed, making and tracking appointments, answering phone calls and emails, and any other tasks as needed by Clerk Yarbrough.

10. At all times relevant, Plaintiff made $41.00 per hour in addition to benefits, and was due for a three percent increase in December 2021.

11. At all times relevant, Plaintiff was eligible for FMLA leave in that she was employed by

Yarbrough for more than 12 months prior to her request for leave in issue in this case in October 2021, and had worked more than 1,250 hours for Clerk Yarbrough in that same period.

12. In or about February 2021, Plaintiff sought and took medical leave pursuant to the FMLA for qualifying serious health conditions.

13. Plaintiff returned from her FMLA leave in approximately the middle of March 2021.

14. Plaintiff did not exhaust her annual entitlement to leave following her February and March 2021 FMLA leave.

15. Immediately on returning, Clerk Yarbrough told Plaintiff, words to the effect, "I'm glad you are back, but don't take anymore leaves."

16. As a result of Clerk Yarbrough's admonishment in March 2021, Plaintiff was afraid to take any more FMLA leaves.

17. In October 2021, Plaintiff suffered a slip-and-fall accident leading to, *inter alia*, bone fracture and severe pain in her shoulder.

18. Plaintiff had no choice but to seek a short leave of absence on or about October 16, 2021 in order to obtain medical treatment for her injuries resulting from the slip-and-fall.

19. Plaintiff obtained FMLA certification paperwork from her doctor, and emailed same to her Human Resources Department on or about October 21, 2021. Plaintiff received an FMLA ID Number of 359605316 following her submissions.

20. Plaintiff sought FMLA leave from beginning on or about October 16, 2021 to obtain continuing treatment from her health care provider, including orthopedic surgery and physical therapy.

21. Plaintiff's estimated leave would be from on or about October 16, 2021 through December 2, 2021.

22. On October 26, 2021, Deputy Chief Cedric Giles emailed Plaintiff a letter stating that she was terminated without any explanation whatsoever. The letter stated as follows:



**COOK COUNTY CLERK KAREN A. YARBROUGH**

118 North Clark Street, Room 230, Chicago, Illinois 60602-1304

TEL 312.603.5656   FAX 312.603.5675   WEB www.cookcountyclerk.com

Cedric Giles
Chief Deputy Clerk

James Gleffe
Deputy Chief of Staff
- Labor Counsel

Scott Kozlov
Chief Ethics Officer
- Legal Counsel

Travis Richardson
Chief Legal Counsel

John Mirkovic
Deputy Clerk - Policy

Edmund Michalowski
Deputy Clerk - Elections

Byron Steele
Deputy Clerk -
Vital Records

William Drobitsch
Deputy Clerk -
Recording Operations

Carolyn Wilhight
Deputy Clerk -
Real Estate & Tax Services

Carmen Triche-Colvin
Deputy Clerk of the Board

Betty Torres
Deputy Clerk -
Human Resources

Kevin McDermott
Chief Technology Officer

Linda Gillie-Batchelor
Deputy Clerk - Finance

Sally Daly
Deputy Clerk -
Communications

Timothy Curry
Deputy Clerk - Security

October 26, 2021

Jamica Davis
826 E. 160th Place
South Holland, IL 60473

Dear Jamica,

This letter is to inform you that your employment with the Cook County
Clerk's Office has been terminated effective Tuesday, October 26, 2021.
You will receive your final paycheck and payment for remaining accrual
balances on Friday, November 12, 2021.

Sincerely,

Cedric Giles
Chief Deputy Clerk

Cc:    James Gleffe
       Honorable Karen A. Yarbrough
       Personnel File

# 452 3166
2009

OUR MISSION:   ACCURACY - EFFICIENCY - ADVOCACY - CYBERSECURITY

5

23. Plaintiff's termination was in retaliation for her request for and usage of FMLA leave.

## COUNT 1 – 29 U.S.C. § 2615 - FMLA – RETALIATION
(Plaintiff v. Defendant Yarbrough in her official and individual capacities)

24. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully replead herein.

25. The FMLA creates a direct private right of action for employees such as Plaintiff to sue for redress for violations of the Act. *See* 29 U.S.C. § 2617(a)(2).

26. The FMLA provides for rights of action against employers as well as against individuals acting in the interest of employers. *See* 29 U.S.C. § 2611(4)(A); *see, e.g., Freemon v. Foley*, 911 F.Supp. 326, 330 (N.D. Ill. 1995); *Katz v. Northwest Orthopaedics and Sports Medicine*, 2020 WL 1986965, *9-10 (N.D. Ill. 2020) (endorsing an economic realities test to determine individual liability under the FMLA).

27. To make a claim for retaliation under the FMLA, a plaintiff must plead and prove that her employer took an adverse action against her because of her activity protected under the FMLA. *See, e.g., Burnett v. LFW, Inc.*, 472 F.3d 471, 482 (7th Cir. 2006); *see* 29 U.S.C. § 2615.

28. At all times, Plaintiff was an FMLA eligible employee because she was employed by Yarbrough for more than 12 months prior to her request for leave in issue in this case in October 2021, and had worked more than 1,250 hours for Clerk Yarbrough in that same period.

29. Defendant Clerk Yarbrough has at all times been an employer within the meaning of the FMLA.

30. Defendant Yarbrough individually has at all times been a person acting in the interest of

the Cook County Clerk's Office with respect to its employees who exercises complete supervisory control over all aspects of Plaintiff's terms and conditions of employment, as well as the manner of her work performance.

31. Plaintiff was entitled to take FMLA leave in October 2021 because she was an eligible employee and because she had not exhausted her twelve weeks of leave authorized by the Act.

32. Plaintiff provided sufficient notice of her intent to utilize leave benefits mandated by the FMLA by Plaintiff obtaining FMLA certification paperwork from her doctor, emailing same to her Human Resources Department on or about October 21, 2021, and receiving an FMLA ID Number of 359605316 following her submission.

33. While Plaintiff was advised of her termination in a letter from Cedric Giles, such termination was done with the knowledge, and with the consent and approval and direction of Clerk Yarbrough.

34. Defendant Yarbrough in her official capacity denied Plaintiff the FMLA benefits to which she was entitled in October 2021 by terminating her employment on October 26, 2021.

35. Defendant Yarbrough in her individual capacity denied Plaintiff the FMLA benefits to which she was entitled in October 2021 by terminating her employment on October 26, 2021.

36. Defendants caused Plaintiff to suffer damages as a result of its interference with her FMLA rights, to include loss of job, benefits, pay and salary, and health insurance.

Based on the foregoing, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendants, and order Defendants to pay damages to her in the amount of lost wages, salary, benefits, and all other compensation lost as a result of Defendants' violation of the Act, plus interest at the prevailing rate, plus an additional amount as liquidated damages, and additionally order that Defendant Yarbrough reinstate her to her position with full make

whole relief. In addition, Plaintiff prays that this Honorable Court award and allow Plaintiff a reasonable attorneys' fee award, reasonable expert witness fees, and the other costs of this action, along with such other relief as this Court deems just and proper.

### COUNT 2 – 29 U.S.C. § 2615 - FMLA – INTERFERENCE
(Plaintiff v. Defendant Yarbrough in her official and individual capacities)

37. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully replead herein.

38. The FMLA creates a direct private right of action for employees such as Plaintiff to sue for redress for violations of the Act. *See* 29 U.S.C. § 2617(a)(2).

39. To make a claim for interference under the FMLA, a plaintiff must plead and prove that (1) she was eligible for the FMLA's protections, (2) her employer was covered by the FMLA, (3) she was entitled to leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) her employer denied her FMLA benefits to which she was entitled. *See, e.g.*, *Burnett v. LFW, Inc.*, 472 F.3d 471, 482 (7th Cir. 2006); *see* 29 U.S.C. § 2615.

40. At all times, Plaintiff was an FMLA eligible employee because she was employed by Yarbrough for more than 12 months prior to her request for leave in issue in this case in October 2021, and had worked more than 1,250 hours for Clerk Yarbrough in that same period.

41. Defendant Yarbrough in her official capacity has at all times been an employer within the meaning of the FMLA.

42. Defendant Yarbrough individually has at all times been a person acting in the interest of the Cook County Clerk's Office with respect to its employees who exercises complete supervisory control over all aspects of Plaintiff's terms and conditions of employment, as well as the manner of her work performance.

43. Plaintiff was entitled to take FMLA leave in October 2021 because she was an eligible

8

employee and because she had not exhausted her twelve weeks of leave authorized by the Act.

44. Plaintiff provided sufficient notice of her intent to utilize leave benefits mandated by the FMLA by Plaintiff obtaining FMLA certification paperwork from her doctor, emailing same to her Human Resources Department on or about October 21, 2021, and receiving an FMLA ID Number of 359605316 following her submission.

45. While Plaintiff was advised of her termination in a letter from Cedric Giles, such termination was done with the knowledge, and with the consent and approval and direction of Clerk Yarbrough.

46. Defendant Yarbrough in her official capacity denied Plaintiff the FMLA benefits to which she was entitled in October 2021 by terminating her employment on October 26, 2021.

47. Defendants caused Plaintiff to suffer damages as a result of its interference with her FMLA rights, to include loss of job, benefits, pay and salary, and health insurance.

Based on the foregoing, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendants, and order Defendants to pay damages to her in the amount of lost wages, salary, benefits, and all other compensation lost as a result of Defendants' violation of the Act, plus interest at the prevailing rate, plus an additional amount as liquidated damages, and additionally order that Defendant Yarbrough reinstate her to her position with full make whole relief. In addition, Plaintiff prays that this Honorable Court award and allow Plaintiff a reasonable attorneys' fee award, reasonable expert witness fees, and the other costs of this action, along with such other relief as this Court deems just and proper.

### COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Plaintiff v. Defendant Yarbrough in her individual capacity)

48. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully replead herein.

49. To state a claim for intentional infliction of emotional distress under Illinois law, a plaintiff must allege facts sufficient to infer: (1) conduct that is extreme and outrageous, (2) that the Defendant intended the conduct to inflict severe emotional distress or know that there was a high probability that the conduct would cause extreme emotional distress, and (3) that the conduct, in fact, caused severe emotional distress.

50. At all times, Defendant Yarbrough was in a position of complete power and authority over Plaintiff in that she could dictate all of her job duties, the manner in which she performed her job, could discipline, and could fire her at will.

51. Plaintiff was completely dependent financially on her job at the Cook County Clerk's Office in order to support herself, a fact of which Defendant Yarbrough was at all times aware.

52. Defendant Yarbrough's termination of Plaintiff constituted extreme and outrageous conduct going beyond all bounds of decency in that it was done simply because Plaintiff was attempting to obtain continuing treatment for her serious medical conditions, a fact which an average member of the community would deem outrageous.

53. Defendant Yarbrough at all times knew that there was a high probability that her termination of Plaintiff would cause extreme emotional distress to Plaintiff because she had worked closely with Plaintiff on a daily basis for multiple years, knew Plaintiff well, and knew that Plaintiff was completely financially dependent upon her job with the Clerk for her support and welfare.

54. At all times, Defendant Yarbrough acted willfully and wantonly in terminating Plaintiff in that her conduct showed an actual and deliberate indifference and conscious disregard for the Plaintiff and her rights to seek medical treatment for health conditions.

55. As a result of Defendant's conduct, Plaintiff has, in fact, suffered extreme emotional

distress, to include angst, anxiety, anger, frustration, humiliation, trouble sleeping, nightmares and stress dreams, shame, embarrassment, sadness, depression, loss of normal emotional life, loss of self-respect, and self-shame.

56. As a result of Defendant's willful and wanton conduct, Plaintiff has suffered damages, to include the emotional distress described herein.

Based on the foregoing, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendant Yarbrough in her individual capacity, and enter an order requiring Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial, and for such other relief as this Court deems just and proper.

## COUNT 4 – INDEMNIFICATION
### (Plaintiff v. Cook County, Illinois)

57. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully replead herein.

58. Illinois statute provides that a local public entity such as Cook County, Illinois is obligated to assume financial responsibility for the actions committed by its officials or employees such as Defendant Yarbrough. *See* 745 ILCS §§ 10/1-202, 10/2-302, and 10/9-102.

59. Defendant Cook County, Illinois is obligated to assume such financial responsibility for the other Defendants hereto.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order directing Cook County, Illinois to pay, indemnify, and assume financial responsibility for the actions and/or omissions committed by Defendant Yarbrough for the harms caused to Plaintiff alleged herein.

## JURY DEMANDED ON ALL COUNTS

11

Respectfully submitted,

**JAMICA DAVIS**

*/s/ Cass T. Casper*

By:_____

Cass T. Casper, Esq.
Her Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
F: (312) 846-6363
E: ccasper@dispartilaw.com