IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMICA DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 22 CV 2148 ) |
| KAREN YARBROUGH, in her official capacity as Cook County Clerk and in her individual capacity, and the COUNTY OF COOK, ILLINOIS, as indemnitor, | ) Judge John J. Tharp, Jr. ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

For the reasons set forth in the Statement below, the defendants' partial motion to dismiss [10] is denied.

## STATEMENT

The following facts are sourced from the complaint and are considered true for present purposes. Beginning in 2019, Plaintiff Jamica Davis served as a Special Assistant to Defendant Karen Yarbrough, the Cook County Clerk. In February 2021, she took a medical leave of absence in accordance with the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–54, and returned to work the following month. Upon her return, Ms. Yarbrough admonished, "I'm glad you are back, but don't take anymore leaves." Compl. ¶ 15. This admonishment, Ms. Davis says, left her afraid to take more leave. A slip-and-fall accident in October 2021, however, left her no other alternative.

On October 16, 2021, Ms. Davis took a second medical leave of absence to treat a bone fracture and severe shoulder pain. She needed orthopedic surgery and physical therapy and expected she would be away from work through December 2, 2021. On October 21, 2021, she submitted the FMLA certification paperwork necessary to cover her entire October-to-December absence. Five days later, on October 26, 2021, Ms. Davis received an e-mail from the Clerk's office notifying her, without explanation, that she was fired.

Ms. Davis filed suit against Ms. Yarbrough in both her individual and official capacities and named Cook County, Illinois, as indemnitor. Her complaint requests relief for retaliatory discharge (Count I) and interference with rights (Count II) as prohibited by the FMLA, 29 U.S.C. § 2615. She also requests relief pursuant to the common law tort of intentional infliction of emotional distress (Count III).

Ms. Yarbrough and Cook County now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III. Ms. Yarbrough contends that Count III should be dismissed because her alleged conduct did not plausibly suffice as intentional infliction of emotional distress, and in any event, under the circumstances, Illinois' Local Governmental and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/2-201, bars tort liability.

A motion under Rule 12(b)(6) tests whether a claim to relief is plausibly valid on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he immunities afforded to governmental entities" under the Tort Immunity Act, however, "operate as an affirmative defense." *Van Meter v. Darien Park Dist.*, 207 Ill. 2d 359, 370, 799 N.E.2d 273, 280 (2003). And "[t]he mere presence of a potential affirmative defense does not render [a] claim for relief invalid." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Ms. Yarbrough's immunity defense is therefore procedurally premature.

So, too, her contention that her alleged conduct did not rise to the level of outrageousness necessary for intentional infliction of emotional distress. Even if true, this contention only undermines one of multiple legal theories of relief founded upon the same claim.

There is an important distinction between "claims" and "counts." A "claim" is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Florek v. Vill. of Mundelein*, 649 F.3d 594, 599 (7th Cir. 2011) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943)). "Counts" are the authorized device for asserting distinct claims—that is, claims "founded on a separate transaction or occurrence," *see* Fed. R. Civ. P. 10(b)—but are often improperly employed to assert different legal theories in support of a claim. As Judge Shadur explained in *Bonestroo, Rosene, Anderlik & Assocs., Inc. v. Devery*, "the use of separate counts to set out different theories of recovery is a mistaken manifestation of the state law 'cause of action' approach, rather than the federal concept of 'claim for relief.'" No. 05 C 2184, 2006 WL 1005284, at *11 (N.D. Ill. Apr. 12, 2006) (citing *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). "That is not what Rule 10(b)'s last sentence defines as the proper role for any such separation of a pleading into different counts." *Id*. Pleading in counts is not required unless "doing so would promote clarity" as to "each ***claim founded on a separate transaction or occurrence***." Fed. R. Civ. P. 10(b) (emphasis added). When presented with a motion to dismiss pursuant to Rule 12(b)(6), courts have the authority to dismiss deficient claims, but cannot dismiss legal theories. Fed. R. Civ. P. 12(b)(6); *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of ***parts*** of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.") (emphasis in original). As long as a discernable legal theory plausibly provides a remedy for a claim, a motion to dismiss that claim must be denied, even if the complaint sets forth a host of alternative theories that fail. *See Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) ("One claim supported by multiple theories does not somehow become multiple claims."). "[D]ifferent legal theories . . . do not multiply the number of claims for relief." *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992).

Here, Ms. Davis alleges that her admonishment not to take FMLA leave and her termination without explanation was outrageous, intentional, and emotionally distressing. In

other words, Count III is founded upon the same factual allegations as Ms. Davis's retaliatory discharge and interference counts (Counts I and II). On this point, both parties agree.[1] Yet Ms. Yarbrough offers no challenge to Counts I and II and hence concedes that Ms. Davis's ***claim*** based on her admonishment and termination, as it is pled, plausibly affords her relief under the FMLA. There is thus no cause under Rule 12(b)(6) to address the viability of Count III at this stage, even if Count III would not survive summary judgment. Ms. Yarbrough and Cook County's partial motion to dismiss is therefore denied.

Date: November 28, 2022

John J. Tharp, Jr.
United States District Judge

---

[1] *See* Mot. to Dismiss 4, ECF 10 ("Plaintiff fails to plead facts to show that her termination was extreme or outrageous even if her termination was wrongful."); Resp. 2, ECF No. 14 ("[B]ecause the extreme and outrageous nature of this termination, Plaintiff also has brought a claim for intentional infliction of emotional distress . . . ."); Resp. 6, ECF No. 14 ("Yarbrough's action is outrageous because she expressly warned Plaintiff not to take any more leaves and then followed through on her admonition and fired Plaintiff . . . ."); Reply 2, ECF No. 21 ("Essentially, Plaintiff alleges that Clerk Yarbrough terminated her employment unjustly."); Reply 3, ECF No. 21 ("[T]he only conduct that Plaintiff alleges Clerk Yarbrough performed was firing Plaintiff and allegedly threatening to fire her."); Reply 4, ECF No. 21 (summarizing the alleged tortious conduct as "an act of terminating an employee or allegedly warning an employee to not take additional leave").